## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. _____** |
| | § | |
| **RMG COMMUNICATIONS, L.L.C.,** | § | |
| **GREG HORNE, and** | § | |
| **MICHAEL HORNE,** | § | |
| **Defendants.** | § | |
| | § | |

## COMPLAINT FOR RECOVERY OF
## CIVIL MONETARY FORFEITURE PENALTY

The United States of America, by and through its undersigned attorneys, files its

original complaint for the recovery of a monetary forfeiture penalty of $115,500.00, and

alleges upon information and belief as follows:

### INTRODUCTION

This is a civil action brought by the United States pursuant to the Communications

Act of 1934, 47 U.S.C. § 504(a), to enforce a Forfeiture Order issued by the Federal

Communications Commission ("FCC") on September 28, 2010, assessing a monetary

forfeiture against Defendants RMG Communications, L.L.C. ("RMG"), Greg Horne, and

Michael Horne (collectively "Defendants").[1]

---

[1] The three Notices of Apparent Liability ("NAL"), *see supra* ¶¶ 17-27, issued by the FCC to RMG
specifically recognized that all references to "RMG" in the NALs also encompassed Defendant Greg Horne and all
other principals or officers of RMG. *See RMG Communications,* 22 FCC Rcd 17133, 17133 n.2 (Enf. Bur. 2007);

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1345, and 1355 and 47 U.S.C. § 504(a).

2.      Venue is proper in the Eastern District of Texas pursuant to U.S.C. §§ 1355(b), 1391(b), and 1395(a) and 47 U.S.C. § 504(a), because the relevant acts occurred in Plano, Texas, Defendant RMG has offices in Plano, Texas, Defendant Michael Horne resides in Plano, Texas and Defendant Greg Horne is believed to be living either in the Eastern District or Northern District of Texas.

## PARTIES

3.      Plaintiff is the United States of America.

4.      The FCC is an independent federal regulatory agency created by Congress to regulate intrastate, interstate, and foreign radio communications pursuant to the Communications Act of 1934, as amended ("Act"), 47 U.S.C. § 151, *et seq.*

5.      Upon information and belief, Defendant RMG, a Texas Limited Liability Corporation, is a fax marketing business.  During the relevant time period when the violations giving rise to this action occurred, RMG used as its mailing address, 6009 W. Parker Road, Suite 149-114, Plano, Texas, 75093, a location within this District.  RMG may be served by serving one of its Directors, Michael Horne or Greg Horne, at 1616 Thistledown Drive, Plano, Texas, 75093.

---

*RMG Communications, RMG Communications,* 233 FCC Rcd 9827 n.2 (Enf. Bur. 2008); *RMG Communications,* 23 FCC Rcd 15248, 15248 n.2 (Enf. Bur. 2008).

6.    Defendant Greg Horne is the co-owner and manager of RMG.  At all times relevant to this action, he was a director of RMG Communications, L.L.C.  As the co-owner and director of RMG, Greg Horne managed, controlled, and directed the activities of RMG.  Greg Horne is a resident of the state of Texas who may be served at his last known business address of 201 E. Pearl Street, Suite C 205, Granbury, TX 76048. Upon information and belief, Greg Horne may also be served at 1616 Thistledown Drive, Plano, Texas, 75093.

7.    Defendant Michael Horne is also a co-owner and manager of RMG.  At all times relevant to this action, he was a director of RMG Communications, L.L.C.  As the co-owner and director of RMG, Michael Horne managed, controlled, and directed the activities of RMG.  Michael Horne is a resident of the state of Texas who resides at and may be served at 1616 Thistledown Drive, Plano, Texas, 75093, a location within this District.

**STATUTORY AND REGULATORY BACKGROUND**

8.    Section 227 of the Act, 47 U.S.C. § 227, generally prohibits the use of telephone facsimile machines to send unsolicited advertisements.  Section 227(b)(1)(C) of the Act, 47 U.S.C. §  227(b)(1)(C), makes it unlawful for any person to use "a telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine." *See also* 47 C.F.R. 64.1200(a)(3).  For this purpose, an unsolicited advertisement is defined as "any material advertising the commercial

3

availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

9.      An "established business relationship" between the sender and the recipient provides an exception to the general prohibition against the use of telephone facsimile machines to send unsolicited advertisements.  47 U.S.C. § 227(b)(1)(C); *see also* 47 C.F.R. § 64.1200(a)(3).

10.      Section 64.1200(f)(5) defines an "established business relationship" as "a prior or existing relationship formed by a voluntary two-way communication between a person or entity and a business or residential subscriber with or without an exchange of consideration, on the basis of an inquiry, application, purchase or transaction by the business or residential subscriber regarding products or services offered by such person or entity, which relationship has not been previously terminated by either party."  47 C.F.R. § 64.1200(f)(5).

11.      The facsimile number used by the sender under the established business relationship exception may only be obtained through a "voluntary communication . . . by the recipient directly to the sender within the context of an established business relationship" or through a "directory, advertisement, or site on the Internet to which the recipient voluntarily agreed to make available its facsimile number for public distribution."  47 C.F.R. § 64.1200(a)(3)(ii); *see also* 47 U.S.C. § 227(b)(1)(C)(ii).

12.      Pursuant to section 503(b) of the Act, 47 U.S.C. § 503(b), any person

whom the FCC determines to have willfully or repeatedly failed to comply with the

provisions of Chapter 5, Title 47 of the United States Code or any rule, regulation or

order issued by the FCC (including section 64.1200) shall be liable to the United States

for a forfeiture penalty.

13.     Section 503(b)(5) of the Act, 47 U.S.C. § 503(b)(5), authorizes the

FCC to assess a forfeiture penalty against any person who is not a common carrier so long

as such person is (A) first issued a citation of the violation charged; (B) given a

reasonable opportunity for a personal interview with an FCC official; and (C)

subsequently engages in conduct of the type described in the citation.

14.     Section 312(f)(1) of the Act, which applies to violations for which

forfeitures are assessed under section 503(b), provides that "[t]he term 'willful,' when

used with reference to the commission or omission of any act, means the conscious and

deliberate commission or omission of such act, irrespective of any intent to violate any

provision of this Act or any rule or regulation of the Commission authorized by this Act."

47 U.S.C. § 312(f)(1).  Section 312(f)(2) of the Act, which also applies to violations for

which forfeitures are assessed under section 503(b), provides that "[t]he term 'repeated,'

when used with reference to the commission or omission of any act, means the

commission or omission of such act more than once, or, if such commission or omission

is continuous, for more than one day." 47 U.S.C. § 312(f)(2).

## THE INITIAL VIOLATION

15. On September 9, 2006, in response to consumer complaints alleging that Defendants had faxed unsolicited advertisements, the FCC Enforcement Bureau issued a citation to Defendant RMG for violation of section 227 of the Act by using a telephone facsimile machine, computer, or other device to send unsolicited advertisements. *Citation to RMG Communications,* 22 FCC Rcd 12107 (Enf. Bur. 2006) ("2006 Citation"), attached as Exhibit A. The 2006 Citation, which was sent to the attention of Defendant Greg Horne, warned RMG that subsequent violations could result in the imposition of monetary forfeitures of up to $11,000 per violation, and included a copy of a representative consumer complaint underlying the citation. *Id.* The citation informed Defendants that within thirty (30) days of the date of the citation, they could either request an interview with FCC staff or submit a written statement responding to the citation. *Id.* Defendants did not request an interview or otherwise respond to the citation. *Id.*

## FIRST NOTICE OF APPARENT LIABILITY

16. From October 2006 to April 2007, the FCC received complaints from four different individuals alleging that Defendants collectively faxed to them during that time at least eleven unsolicited advertisements to them containing offers for various services, including health insurance. Four of the eleven unsolicited advertisements were received after a complaining consumer specifically requested RMG to cease sending such facsimiles. Defendants did not have an established business relationship with any of

6

these complainants, nor did any complainant give Defendants permission to send the

facsimile transmissions.

17.  On or about September 10, 2007, the FCC Enforcement Bureau issued a

Notice of Apparent Liability for Forfeiture (the "2007 NAL") to Defendants in the

amount of $71,500.00[2] for the apparent willful or repeated violations of section 227 of the

Act, 47 U.S.C. § 227, for transmitting at least eleven unsolicited advertisements to the

telephone facsimile machines of at least four persons after Defendants had previously

received the September 9, 2006 citation for such practices. *RMG Communications,* 22

FCC Rcd 17133 (Enf. Bur. 2007).   The FCC sent a copy of the 2007 NAL to Defendants

by certified mail, return receipt requested.  The certified mail return receipt was signed

and returned to the FCC.  A copy of the 2007 NAL is attached as Exhibit B.

18.  The 2007 NAL ordered Defendants to pay the full amount of the proposed

forfeiture, or to file a written statement seeking reduction or cancellation of the proposed

forfeiture, within thirty (30) days of the date of the 2007 NAL.

19.  The FCC did not receive a response to the 2007 NAL.

## SECOND NOTICE OF APPARENT LIABILITY

20.  From June 2007 through August 2007, the FCC received additional

complaints from five different individuals alleging that Defendants collectively faxed to

them during that time at least eleven unsolicited advertisements to them containing offers

---

[2]  The claim for the violation which occurred on October 16, 2006, is at the time of the filing of this complaint now
time-barred.  Therefore, the amount requested for this claim is now $61,500.

for health and life insurance, logo and embroidered t-shirts, fax advertising, mortgage refinancing, and sales leads related to mortgages, health and life insurance. Defendants did not have an established business relationship with any of these complainants, nor did any complainant give Defendants permission to send the facsimile transmissions.

21.  On or about June 12, 2008, the FCC Enforcement Bureau issued a second Notice of Apparent Liability for Forfeiture (the "June 2008 NAL") to Defendants in the amount of $49,500.00 for the apparent willful or repeated violations of section 227 of the Act, 47 U.S.C. § 227, for delivering at least eleven unsolicited advertisements in June 2007 to August 2007 to the telephone facsimile machines of at least five individuals after Defendants had previously received the 2006 Citation for such practices. *RMG Communications,* 23 FCC Rcd 9827 (Enf. Bur. 2008).  The FCC sent a copy of the June 2008 NAL to Defendants by certified mail, return receipt requested, and first class mail. The copy sent by first class mail was not returned.  A copy of the June 2008 NAL is attached as Exhibit C.

22.  The June 2008 NAL ordered Defendants to pay the full amount of the proposed forfeiture, or to file a written statement seeking reduction or cancellation of the proposed forfeiture, within thirty (30) days of the date of the June 2008 NAL.

23.  The FCC did not receive a response to the June 2008 NAL.

## THIRD NOTICE OF APPARENT LIABILITY

24.  In November 2007, the FCC received an additional complaint from an individual alleging that Defendants faxed an unsolicited advertisement to him during that time containing offers for mortgages and health insurance.  Defendants did not have an established business relationship with the complainant, nor did the complainant give Defendants permission to send the facsimile transmissions.

25.  On or about October 22, 2008, the FCC Enforcement Bureau issued a third Notice of Apparent Liability for Forfeiture (the "October 2008 NAL") to Defendants in the amount of $4,500.00 for the apparent willful or repeated violation of section 227 of the Act, 47 U.S.C. § 227, for delivering at least one unsolicited advertisement in November 2007 to the telephone facsimile machine of an individual after Defendants had previously received the 2006 Citation for such practices. *RMG Communications,* 23 FCC Rcd 15248 (Enf. Bur. 2008).  The FCC sent a copy of the October 2008 NAL to Defendants by certified mail, return receipt requested, and first class mail.  The copy sent by first class mail was not returned.  A copy of the October 2008 NAL is attached as Exhibit D.

26.  The October 2008 NAL ordered Defendants to pay the full amount of the proposed forfeiture, or to file a written statement seeking reduction or cancellation of the proposed forfeiture, within thirty (30) days of the date of the October 2008 NAL.

27.  The FCC did not receive a response to the October 2008 NAL.

## FORFEITURE ORDER

28.   On or about September 28, 2010, the FCC issued a Forfeiture Order ("Order") in the amount of $125,500.00 against Defendant RMG for willful and repeated violations of section 227 of the Act, and related FCC rules of orders by delivering at least twenty-three unsolicited advertisements to the telephone facsimile machines of at least ten different consumers with whom it did not have an established business relationship. *RMG Communications*, 25 FCC Rcd 13793 (Enf. Bur. 2010).   The Order further recognized that four of twenty-three unsolicited advertisements were transmitted after the individual specifically requested RMG to cease sending facsimiles.  *Id.* at 13795, ¶ 7.

29.   The FCC sent a copy of the Order to Defendant RMG by certified mail, return receipt requested, and by first class mail.  The copy sent by regular first class mail was not returned.  A copy of the Order is attached as Exhibit E.

## DEMAND FOR PAYMENT

30.   The Order provided that if Defendant RMG did not pay the Forfeiture within thirty days, the case could be referred to the Department of Justice for enforcement.

31.   On or about September 13, 2011, the FCC sent Defendants a letter demanding full payment of the Forfeiture within fifteen days.  A copy of the September 13, 2011 letter is attached as Exhibit F.

32.   Despite due demand, Defendants have not paid the Forfeiture.

33.   A Certificate of Forfeiture is attached as Exhibit G.

## CLAIM FOR RELIEF

34.  Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 33 above.

35.  Defendants willfully and repeatedly violated section 227 of the Act, 47 U.S.C. § 227, and related rules and orders by delivering at least twenty-three unsolicited advertisements to the telephone facsimile machines of at least ten individuals after having been issued a citation apprising them that Defendants had violated Section 227 of the Act for the same type of conduct.

36.  By reason of the foregoing, Defendants are liable to the United States for a forfeiture penalty pursuant to 47 U.S.C. § 503(b), section 1.80 of the Commission's Rules ("Rules"), 47 C.F.R. 1.80, and the *Commission's Forfeiture Policy Statement and Amendment of Section 1.80 of the Rules to Incorporate the Forfeiture Guidelines,* 12 FCC Rcd 17087 (1997), *recon. denied,* 15 FCC Rcd 303 (1999).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly or severally, as follows:

a.   Judgment in the amount of $115,500.00;

b.   Interest from the date of judgment at the legal rate in effect on the date of judgment, pursuant to 28 U.S.C. § 1961.

c.   Costs and disbursements incurred by Plaintiff in this action; and

d.   Such other further relief that the Court may deem just and proper.

11

DATE: December 12, 2011


                                    Respectfully submitted,

                                    JOHN M. BALES
                                    United States Attorney


                                    ___/s/_____
                                    KEVIN McCLENDON
                                    Assistant U.S. Attorney
                                    Eastern District of Texas
                                    Lead Attorney
                                    Texas State Bar # 13408620
                                    101 East Park Blvd., Suite 500
                                    Plano, Texas 75074
                                    (972) 509-1201
                                    (972) 509-1209 (fax)
                                    E-mail:  kevin.mcclendon@usdoj.gov